```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
ROBERT GONZALEZ,
                                                    MEMORANDUM AND ORDER
                    Plaintiff,                     11-CV-2055(FB)

       -against-

MICHAEL J. ASTRUE,
 Commissioner of Social Security,

                    Defendant.
---------------------------------------------------------------x
```

*Appearances:*
*For the Plaintiff:*
DOUGLAS C.J. BRIGANDI, ESQ.
214-11 Northern Blvd., Suite 201
Bayside, NY 11361

*For the Defendant:*
LORETTA E. LYNCH, ESQ.
United States Attorney
CANDACE SCOTT APPLETON, ESQ.
Assistant United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

Plaintiff Robert Gonzalez seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental security income under the Social Security Act (the "Act"). Both parties move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons stated below, the Commissioner's motion is granted and Gonzalez's is denied.

I.

Gonzalez has previously worked as a truck driver and, more recently, as a bartender. On March 17, 2002, he badly injured his back in a parachuting accident, suffering a "severe L2 burst fracture with a large piece of retropulsed bone fragment in the spinal canal." AR at 141. The injury required major surgery, arthrodesis of L1 to L4 – fusion of the vertebrae

– through insertion of screws and rods and a bone graft.

Gonzalez filed his application for benefits on May 13, 2002, alleging disability since the date of the accident due to a "broken back." Following a hearing and ALJ finding of nondisability, a judge of this Court remanded the case for further administrative proceedings. *See Gonzalez v. Astrue*, 07-cv-2766 (E.D.N.Y. April 17, 2008).

A supplemental hearing was held on remand, and the ALJ issued a decision on December 2, 2008, again finding Gonzalez not disabled. The ALJ determined that Gonzalez met the insured status requirement through December 31, 2002; that he had not engaged in substantial gainful activity since the date of his injury; that he suffered a "severe impairment" in the form of a "burst fracture of L2"; and that he could not perform his past relevant work. These points are not disputed. The ALJ further concluded, however, that Gonzalez did "not have an impairment or combination of impairments that meets or medically equals one of the listed impairments," AR at 299; that, within a year of the onset date, he had the residual functional capacity ("RFC") to "perform the full range of sedentary work," AR at 300; and that "there are jobs that exist in significant numbers in the national economy" that he could perform, AR at 307.[1]

---

[1]Under the Act's regulations, disability claims are evaluated in five steps. In the first four steps, claimant has the burden of showing: (1) that he is not engaged in "substantial gainful activity"; (2) that he has a "severe impairment"; (3) that his impairment meets or equals one of the listed impairments, in which case he is deemed disabled; and (4) that he cannot perform her previous work. See 20 C.F.R. §§ 404.1520(b)-(f), 416.920; *Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003). At the fifth step, the burden shifts to the Commissioner to show that claimant is capable of performing other jobs existing in significant numbers in the national economy. See 20 C.F.R. §§404.1560(c), 416.960(c); *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003).

The ALJ's decision is final, as it was a decision on remand and the Appeals Counsel did not assume jurisdiction. *See* 20 C.F.R. § 416.1484(a). Gonzalez filed this action on April 27, 2011.

## II.

The Court reviews the Commissioner's decision denying disability benefits to determine whether it is supported by substantial evidence and made under the correct legal standard. *See Acierno v. Barnhart*, 475 F.3d 77, 80-81 (2d Cir. 2007). Gonzalez contends that the ALJ erred in finding that his impairment did not meet or equal a listed impairment and that he could perform the full range of sedentary work.

**A. Whether the condition meets or equals a listed impairment**

At step three of the disability evaluation, a claimant whose impairment "meets or equals" one of the listed impairments is "conclusively presumed to be disabled and entitled to benefits." *Dixon v. Shalala,* 54 F.3d 1019, 1022 (2d Cir.1995); *see also* 20 C.F.R. §§ 404.1520(a)(4) (iii) ("If you have an impairment(s) that meets or equals one of our listings . . . and meets the duration requirement, we will find that you are disabled."), 416.920(a)(4)(iii) (same).

Gonzalez contends that his back injury meets or equals listing 1.04, "[d]isorders of the spine . . . resulting in compromise of a nerve root . . . or the spinal cord." The listing requires either (A) "[e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test"; (B) "Spinal arachnoiditis . . . manifested by severe burning or painful dysesthesia . . ."; or (C) "Lumbar spinal stenosis resulting in

3

pseudoclaudication . . . manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively."

The ALJ's determination that Gonzalez's condition is not equivalent to the 1.04 listing is supported by substantial evidence. While some of the 1.04(A) criteria is met – there is evidence of nerve root compression, pain, limited spinal motion, and positive straight-leg raising tests – the ALJ reasonably determined that Gonzalez lacked the requisite motor loss. Gonzalez's treating physician, neurosurgeon Arnold Goran, M.D., noted in May 2002 that Gonzalez had "no motor weakness," AR at 135, and reached a similar conclusion in March 2005, when he found the motor examination for Gonzalez's lower extremities to be "within normal limits." AR 168. Kyung Seo, M.D., a state agency orthopedist, examined Gonzalez in August 2002 and noted "some muscular atrophy of the thigh or lower leg," but did not provide any details and further observed that muscle strength in both legs was 5 out of 5. AR at 151-152. Without motor loss, Gonzalez's impairment differs significantly from the criteria of 1.04(A). Listing 1.04(B) is similarly inapplicable because there is no evidence in the record of spinal arachnoiditis. And, with respect to listing 1.04(C), there is no evidence of pseudoclaudication rendering Gonzalez unable to ambulate effectively. Moreover, Louis Lombardi, M.D., an orthopedic surgeon the ALJ called to testify as a medical expert at the hearing, opined that Gonzalez's impairment does not meet or equal any listings.

**B. The RFC determination**

The ALJ found that, within one year of his accident, Gonzalez could "perform the full range of sedentary work," as he was able to "lift/carry up to ten pounds, stand/walk occasionally [and] sit for up to six hours in an eight hour day while alternating between

4

standing and walking." AR at 300.[2] Contrary to Gonzalez's argument, this conclusion was based on a function-by-function analysis, as required by 20 C.F.R. §§ 404.1545 and 416.945, and is supported by substantial evidence.

The ALJ relied primarily on records from Gonzalez's treating physician, Dr. Goran, and the medical expert's testimony. By May 2002, approximately two months after the surgery, Gonzalez was "fully ambulatory without any significant problem," and a neurologic examination in June 2002 was "quite unremarkable," AR at 129, 135. At a post-operative examination in July 2002, Dr. Goran noted that Gonzalez was not on any medication and had "some minor complaints . . . but in general [was] asymptomatic." AR at 129. After a physical examination in March 2005, the doctor opined that Gonzalez could not bend, squat, crawl, or lift over 20 pounds. This assessment was consistent with the ability to perform sedentary work, which does not require any bending, squatting, crawling, or heavy lifting, and the ALJ gave the results of the examination "significant weight." AR at 306. The ALJ also gave "great weight" to the view of Dr. Lombardi, the medical expert, who examined the record and opined that Gonzalez was able to met the requirements of sedentary employment within a year of the accident. AR at 305; *see* 20 C.F.R. §§ 404.1527(e)(2)(iii) ("Administrative law judges may also ask for and consider opinions from medical experts on the nature and severity of your impairment(s) . . . ."); 416.927(e)(2)(iii) (same).

Where the ALJ gave less weight to medical evidence, he adequately explained his

---

[2]Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. §§ 404.1567(a); 416.967(a).

reasoning. He gave "less than great weight" to the opinion of Dr. Seo, who concluded in August 2002 that Gonzalez's ability to sit, stand, and walk was "moderately limited," AR at 152, but this was due to the "non specific and contradictory" nature of the doctor's opinion. AR at 305. Similarly, the ALJ did "not assign great weight" to a letter from Mehrdad Golzad, M.D., a neurologist who first examined Gonzalez in August 2008. Dr. Golzad found a "limitation of range of motion about the lumbar spine" and diagnosed "severe chronic back pain secondary to a spinal fracture." AR at 348. His letter, however, lacks any discussion of Gonzalez's ability to sit, stand, or walk, or any specific examination findings; the ALJ properly deemed it "conclusory." AR at 306; *see* 20 C.F.R. §§ 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion."), 416.927(c)(3)(same).

## C. The credibility determination

Finally, Gonzalez argues that the ALJ should have credited his assertions regarding the extent to which back pain limited his RFC. He testified at the hearing that he has been in constant pain from his lower back to his feet since the accident and, as a result, is so physically limited that he is incapable of even sedentary employment. The ALJ properly found, however, that although Gonzalez's medically determinable impairment could reasonably be expected to produce pain, his testimony regarding "the intensity, persistence and limiting effects of [his] symptoms" was not credible to the extent it conflicted with other record evidence establishing his ability to perform sedentary work. *See* 20 C.F.R. §§ 404.1529(c)(3) (A claimant's testimony regarding pain impacts the RFC determination only if it "can reasonably be accepted

as consistent with the objective medical evidence and other evidence[.]"), 404.1529(c)(4) ("We will consider your statements about the intensity, persistence, and limiting effects of your symptoms, and we will evaluate your statements in relation to the objective medical evidence and other evidence[.]").

While the ALJ's credibility assessment could be better organized, he considered the appropriate factors, including Gonzalez's daily activities, use of pain medication, treatment history and the duration, frequency, and intensity of the pain. *See* 20 C.F.R. § 404.1529(c)(3) (enumerating considerations). There are various inconsistencies between Gonzalez's testimony and the record. For example, the record reflects that Gonzalez has only intermittently used pain medication. Dr. Goran prescribed Vicodin in June 2002, but noted in July 2002 that Gonzalez was not taking any medication and, in August 2008, Dr. Golzad noted that Gonzalez was not taking his prescribed pain medication. Thus, there is sufficient evidence in the record to support the ALJ's credibility determination.

### III.

For the foregoing reasons, the Commissioner's motion is granted and the plaintiff's cross-motion is denied.

**SO ORDERED.**

                                            s/ Judge Frederic Block
                                            _____
                                            FREDERIC BLOCK
                                            Senior United States District Judge

Brooklyn, New York
July 11, 2012